1
2
3
4
5
6
7
8                      **UNITED STATES DISTRICT COURT**

9                     **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    UNITED STATES OF AMERICA,                    CASE NO. 07cv381 BTM
                                                              06cr2396 BTM
12                                 Plaintiff,
                                                  **ORDER DENYING DEFENDANT'S**
13          vs.                                    **OBJECTION TO IMPOSITION OF**
                                                  **SUPERVISED RELEASE [Doc. #15]**
14    ALVARO SANCHEZ-ORTIZ,

                                   Defendant.
15

16          On October 14, 2006, Defendant was arrested for being a previously removed alien

17    found within the United States in violation of 8 U.S.C. § 1326.  On November 9, 2006, he was

18    charged by information with two counts of illegal entry in violation of 8 U.S.C. § 1325.

19    Defendant waived indictment and entered into a plea agreement whereby he would plead

20    guilty to the two counts of violating 8 U.S.C. § 1325.  (See Plea Agreement filed 12/1/06;

21    Doc. #9.)  In exchange, the Government agreed not to prosecute Defendant under 8 U.S.C.

22    § 1326.

23          As part of the agreement, the parties agreed and jointly recommended that the

24    Defendant's sentence should be 30 months of imprisonment, followed by one year of

25    supervised release.  (See Plea Agreement at ¶ 9.)  In addition, Defendant specifically

26    "waive[d], to the full extent of the law, any right to appeal or to collaterally attack the guilty

27    plea, conviction and sentence."  (Id. at ¶ 12.)  Defendant initialed each page of the plea

28    agreement and both he and his attorney executed the agreement on November 15, 2006.

                                            1

1   The agreement provides that: "By signing this agreement, defendant certifies that defendant
2   has read it (or that it has been read to defendant in defendant's native language), has
3   discussed its terms with defense counsel and fully understands its meaning and effect.
4   Defendant also has communicated with defense counsel and is satisfied with the
5   representation received." (Id. at ¶ 15.)

6       On December 1, 2006, the Court accepted Defendant's guilty pleas to two counts of
7   violating 8 U.S.C. § 1325 and sentenced him to a total of 30 months imprisonment.  The
8   Court also ordered that "[u]pon release from imprisonment, the defendant shall be on
9   supervised release for a term of 1 year as to count 2."  (Judgment as to Alvaro Sanchez-Ortiz
10  at p. 3; Doc. #12.)

11      On January 16, 2007, Defendant filed a document titled "Defendant's Objection to the
12  Court's Imposition of Probation/Supervised Release Because the Relevant Statute 8 U.S.C.
13  § 1326 Does Not Mandate The Imposition of That Separate Sentence."  The exact nature of
14  Defendant's argument is not clear, due in part to his attachment of numerous papers and
15  portions of papers that appear to relate to other proceedings.  However, what is clear is that
16  Defendant is arguing that the Court's imposition of a term of supervised release as part of
17  his sentence was inappropriate.  Accordingly, the Court construes this filing as a motion to
18  vacate, set aside or correct Defendant's sentence pursuant to 28 U.S.C. § 2255.

19      To begin, it should be noted that the Plea Agreement specifically contemplated, and
20  recommended to the Court, that Defendant's sentence include one year of supervised
21  release following his term of imprisonment.  More importantly, the Court finds that, by
22  entering into the Plea Agreement, Defendant has specifically waived his right to appeal or
23  collaterally attack his sentence.  A waiver of appeal and/or collateral attack of a conviction
24  is enforceable if voluntarily made.  United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994).
25  As Defendant has made no argument that his execution of the Plea Agreement was
26  involuntary, the Court will enforce Defendant's waiver.

27      The only grounds for appeal that Defendant retains is a possible objection on the
28  basis that he received ineffective assistance of counsel in entering into the Plea Agreement.

06cr2396

1   If ineffective assistance of counsel renders the plea agreement containing the waiver

2   involuntary, a defendant may appeal or collaterally attack his sentence.  See  Washington

3   v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005) (holding that "a plea agreement that waives the

4   right to file a federal habeas petition under 28 U.S.C. § 2254 is unenforceable with respect

5   to an IAC claim that challenges the voluntariness of the waiver").  See also Pruitt, 32 F.3d

6   at 433 (expressing "doubt" that such a waiver could be enforceable in a  § 2255 context).

7            Defendant makes only one claim in his brief that his counsel's assistance in entering

8   the Plea Agreement was ineffective.  He contends that defense counsel did not negotiate a

9   reasonable deal with the Government.  (Def.'s Brief in Support of the Motion at 2.)  The Court

10  rejects this claim as counsel effectively negotiated a plea agreement which resulted in

11  Defendant receiving a significant reduction in his potential imprisonment in return for pleading

12  guilty.  The Guideline range indicated in the Plea Agreement was adjusted offense level 21

13  with an expected criminal history category IV.  This would result in a potential sentence of

14  57 - 71 months.  Defendant received a sentence 27 months lower than the low end of the

15  Guideline range.  This resulted from Defendant agreeing to the Government's fast-track

16  program.  Any claim that counsel failed to provide effective assistance in negotiating the

17  disposition is frivolous.

18           Therefore, the Court finds no grounds for ignoring Defendant's waiver of his right to

19  collaterally attack his sentence and **DENIES** his motion for relief under 28 U.S.C. § 2255.

20  The Court declines to issue a certificate of appealability.

21

22  **IT IS SO ORDERED.**

23

24  DATED:  March 8, 2007

25

26                              Hon. Barry Ted Moskowitz

                                United States District Judge

27

28

3

06cr2396